UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 15-cv-215 (RMC) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION

Even experts sometimes make mistakes. The Environmental Protection Agency urges the Court to dismiss the Freedom of Information Act complaint by the Competitive Enterprise Institute because it jumped the gun and sued before exhausting its administrative remedies. Although the Court disagrees with EPA's reading of certain FOIA provisions, EPA has thus far been diligent in processing the Institute's request. The motion for summary judgment must be denied without prejudice, however, pending a more thorough explanation of the information technology involved; that is the only way to resolve the parties' competing arguments about the timeliness of this suit.

### I.  FACTS

The Competitive Enterprise Institute (the Institute) "is a public policy research and education institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy." Compl. [Dkt 1] ¶ 11. It engages in research, investigative journalism and publication, and seeks "public records relating to environmental policy and how policymakers use public resources." *Id.* The Institute has

1

previously filed no fewer than seven requests under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA) and four lawsuits seeking records relating to the use of text messaging by EPA Administrator Gina McCarthy.  *See generally* Mot. Summ. J. [Dkt 8-1] (Mot.) at 2-3.

On May 13, 2014, the Institute submitted a FOIA request to EPA that sought:

> Copies of all email or text messages sent to or from anyone in EPA Headquarters Office of General Counsel that both 1) **is either to or from Gina McCarthy or cites or refers to Gina McCarthy, and 2) cites, mentions, or refers to the words text messaging or text messages (which also includes reference to such terms as, e.g., "texts", "texting", "SMS").**  That is, all OGC emails and/or texts that are from, to, cite or refer to Ms. McCarthy, and reference texting as described.

Compl. ¶ 25 (emphases in original).  EPA assigned identification number HQ-FOI-2014-006434.

Inasmuch as the request targeted emails or texts involving persons within the Office of the General Counsel after four FOIA suits by the Institute involving Ms. McCarthy's text messages, it comes as no surprise that EPA withheld some records, in whole or in part, under Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5) (exempting records that are covered by the attorney-client privilege, attorney work-product privilege, and/or deliberative process privilege).  After a rolling production of 1,702 documents, EPA advised the Institute in a Final Response Letter dated December 9, 2014 that EPA was relying on Exemption 5 for most redactions or withholdings and on Exemption 6 for redacting personal information of EPA employees.  Compl. ¶ 28.  The Institute does not challenge the application of Exemption 6.  *Id.*

The Final Response Letter advised: "You may appeal this response to the National Freedom of Information Officer, U.S. EPA, FOIA and Privacy Branch, 1200 Pennsylvania Avenue, N.W. (2822T), Washington, DC 20460 (U.S. Postal Service only), FAX: (202) 566-2147, E-mail hq.foia@epa.gov." *Id.* ¶ 29.  Along with the final set of responsive documents, EPA provided the Institute with a list of documents withheld in full, identifying each

email's sender, subject line, time, date, attachment count (if any) and file size.  Of the 380 documents withheld in full, EPA relied on the attorney-client privilege for 376; attorney work product privilege for 368; and deliberative process privilege for 364.  *See* Statement of Material Facts [Dkt. 8-2] (Facts) ¶ 8.[1]

EPA produced a *Vaughn* index[2] putting the records that were withheld in whole or in part into categories.  *See* Facts ¶¶ 10-15.  The Institute challenges the use of categories instead of individual record-by-record entries.

The Institute sent an administrative appeal dated Thursday, January 8, 2015 to hq.foia@epa.gov.  According to EPA, its FOIA Online tracking software issued an acknowledgement email to the Institute's counsel on Monday, January 12, 2015, informing him that the appeal had been received on that date.  Facts ¶ 16.  The Institute hotly disputes this fact, questioning the plausibility of the four-day delay, pointing out that the e-mail in question is not attached to Mr. Miller's Declaration, and suggesting that perhaps the appeal simply was not *logged* until January 12.  Statement of Genuine Issues of Material Fact in Dispute [Dkt. 9-1] (Disputes) at 17-19.  In its reply, EPA attaches a complete (and more legible) copy of the Institute's FOIA Online Appeal file.  *See* Reply, Ex. 1 [Dkt. 10-1] (Appeal File).  That document

---

[1] In its statement of genuine issues of material fact in dispute, the Institute denies that the documents qualify for the privilege(s) under which they were withheld.  *See* Statement of Disputed Facts [Dkt. 9-1] (Disputes) at 1.  That dispute is immaterial for these purposes.

[2] *See generally DiBacco v. U.S. Army*, 795 F.3d 178, 199 n.2 (D.C. Cir. 2015).  In a *Vaughn* index, an agency "indicates in some descriptive way which documents the agency is withholding and which FOIA exemptions it believes apply."  *ACLU v. CIA*, 710 F.3d 422, 432 (D.C. Cir. 2013).  The name comes from *Vaughn v. Rosen*, which first established the process by which an agency may discharge its burden to justify withholding information under FOIA exemptions.  *See* 484 F.2d 820, 826-828 (D.C. Cir. 1973).  Although agencies frequently rely on *Vaughn* indices, "[t]he materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."  *ACLU*, 710 F.3d at 433 (quoting *Gallant v. NLRB*, 26 F.3d 168, 173 (D.C. Cir. 1994)).

shows an appeal "received date" of Monday, January 12, 2015 and an "acknowledgement sent date" of January 14, 2015. *Id.* at 1. It also shows, under "Correspondence to Requestor," a message to Christopher C. Homer (counsel to the Institute) on January 12, 2015. That message also reflects a "date submitted" (in reference to the Institute's appeal) of January 12, 2015. *Id.*

On February 10, 2015, EPA notified Institute counsel by email that EPA needed a brief extension of time to process the appeal because of unusual circumstances. The Institute does not challenge EPA's need for an extension and therefore waives the point. S*ee* 5 U.S.C. 552(a)(6)(B)(iii) (defining "unusual circumstances"). Rather, the Institute argues that EPA was too late when it purported to grant itself a 10-day extension.. *See* 5 U.S.C. § 552(a)(6)(B)(ii) (requiring that an "unusual circumstances" extension be requested within the original deadline prescribed by § 552(a)(6)(A)(i)—in this case, 20 days). EPA argues that because its system logged the Institute's appeal on January 12, 2015, its February 10 request was timely and it had until February 25, 2015 to respond to the appeal. Facts ¶ 17 (citing 5 U.S.C. § 552(a)(6)(B)(i)). If EPA is right, then the Institute's lawsuit (filed on February 11, 2015) was premature. *See* Compl. [Dkt. 1].

## II.  LEGAL STANDARD

FOIA cases are typically and appropriately decided on motions for summary judgment. *Brayton v. U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011); *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009). Federal Rule of Civil Procedure 56 provides that summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

When an agency subject to FOIA receives a request for records, it must determine within twenty days whether to comply with that request and, once it does, must immediately notify the requester of its determination and reasoning. 5 U.S.C. § 552(a)(6)(A)(i). Upon receipt of that determination, the requester may administratively appeal the agency's decision, and the agency must decide the appeal within twenty days. *See id.* § 552(a)(6)(A)(ii). Exhaustion of that administrative appeal process is a prerequisite to seeking judicial relief, unless the agency has not responded within the statutory time limits. *See id.* § 552(a)(6)(C); *Oglesby v. Department of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990).

Federal district courts have jurisdiction under FOIA "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In a FOIA suit, the burden is "on the agency to sustain its action," and the district court must "determine the matter de novo." *Id.*

### III. ANALYSIS

The record before the Court raises as many questions as it answers. Because one day could mean the difference between timeliness and untimeliness, EPA will be ordered to provide for a more thorough explanation of the information technology involved.

#### A. Administrative Exhaustion

"It goes without saying that exhaustion of remedies is required in FOIA cases." *Dettmann v. DOJ*, 802 F.2d 1472, 1476 (D.C. Cir. 1986). While administrative exhaustion is not

strictly jurisdictional under FOIA, it is nonetheless "a jurisprudential doctrine [and] failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (citing *Oglesby*, 920 F.2d at 61).  The detailed structure of FOIA supports application of this jurisprudential doctrine, making prior exhaustion required before suit.  *Hidalgo*, 344 F.3d at 1258-59.

Without contesting this legal requirement, the Institute argues that it did, in fact, constructively exhaust its administrative remedies because EPA's response to its appeal was late.  Twenty federal work days from January 8, 2015 was February 6, 2015.[3]  EPA's notice that it needed additional time due to unusual circumstances was sent by email on February 10.

The Institute notes that it submitted its appeal on January 8, 2015 by email to hq.foia@epa.gov and that EPA's declarant responds only that "[o]n January 12, 2015, my office received a copy of an administrative appeal by Plaintiff dated January 8, 2015."  Mot., Ex. 3 [Dkt. 8-3] (Miller Decl.) ¶ 23.  The Institute cites different EPA documents that identify both January 12 and January 14 as the date the appeal was received.  Opp'n at 10.[4]  From this, the Institute argues that "[t]hese inconsistent statements suggest that neither date is correct, and show possible fabrication and bad faith [by EPA], making its summary judgment papers not credible, and thus justifying the denial of its motion for summary judgment." *Id.*  The Institute cites, *inter alia*, *Landmark Legal Foundation v. EPA*, 959 F. Supp. 2d 175, 183 (D.D.C. 2013) for this

---

[3] The 20-day deadline prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) is exclusive of weekends and public holidays.

[4] *Compare* Mot., Ex. A [Dkt. 8-4] (Case File) (listing "01/12/2015" as the date that "FOIA Appea[l] EPA-HQ-2015-003028 [was] Submitted") *with* Opp'n, Ex. 1 [Dkt. 9-2 at 6] (1/14/2015 EPA Ltr.) (acknowledging "receipt of [the Institute's] FOIA appeal . . . on January 14, 2015").

proposition. Since electronic mail is delivered instantly, the Institute contends that it filed a proper appeal on January 8, 2012, to the email address provided by EPA, and that it was delivered on that date. From that sequence, it contends that it exhausted all administrative remedies before receiving a response on its appeal and is properly before the Court.

### B. FOIA Requests vs. FOIA Appeals

EPA contends that its 20-day due date for responses to FOIA appeals only begins "on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency." Mot. at 6 (citing 5 U.S.C. § 552(a)(6)(A)(ii)). EPA relies on Mr. Miller's declaration for the proposition that "the [Institute's] appeal was not received by the Agency until January 12, 2015." Mot. at 6 (citing Miller Decl. ¶ 22). What Mr. Miller said was: "On January 12, 2015, *my office received* a copy of an administrative appeal filed by Plaintiff dated January 8, 2015." Miller Decl. ¶ 22 (emphasis added).

The statutory language cited by EPA applies to FOIA requests, not to FOIA appeals. *See* 5 U.S.C. § 552(a)(6)(A) ("The 20-day period *under clause (i)* shall commence on the date on which the request is first received by the appropriate component of the agency . . . .") (emphasis added). Appeals are governed by clause (ii), not by clause (i).[5] The date that EPA's "appropriate component" received the appeal—which it argues was January 12, 2015—is immaterial for present purposes. What matters is the date that *the Agency* received the appeal.

---

[5] When Congress intended to include both clause (i) and (ii) in its expansions of the 20-day time limit, it made that clear. *See, e.g.*, 5 U.S.C. § 552(a)(6)(B)(i) ("In unusual circumstances as specified in this subparagraph, the time limits prescribed in *either clause (i) or clause (ii)* of subparagraph (A) may be extended by written notice . . . .") (emphasis added).

*See* 5 U.S.C. § 552(a)(6)(A)(ii) (requiring "a determination with respect to any appeal within twenty days . . . after the receipt of such appeal.").

### C. The Institute's Appeal in this Case

EPA directs FOIA appellants to send their appeals to an email address (hq.foia@epa.gov) from which they are sorted and delivered internally. Notably, because EPA's argument does not distinguish between FOIA requests and FOIA appeals—or explain whether an email to its FOIA website is maintained by EPA or an outside vendor—the argument does not say when the Institute's appeal was received *by EPA* and, thus, whether the Institute's present lawsuit is premature.

Nor is the timeliness issue resolved by EPA's request for an extension due to "unusual circumstances," emailed to the Institute's counsel on February 10, 2015. If an agency fails to respond to an initial request on a timely basis, but responds before a requestor files suit, the requester must appeal that decision and exhaust administrative remedies before going to court. *See Flaherty v. IRS*, 468 F. App'x 8, 9 (D.C. Cir. 2012) (per curiam) ("If the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies.") (quoting *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003)); *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64-65 (D.C. Cir. 1990) ("We therefore interpret 5 U.S.C. §§ 6(A) and (C) as requiring the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before the suit is filed.").

But *Oglesby* concerned an agency's tardy response to a FOIA *request*, not a tardy response to an *appeal*. The plaintiff in *Oglesby* had failed to file administrative appeals on the denials of his FOIA requests and had gone to court instead. The D.C. Circuit held that "judicial

review of his claims . . . was precluded" against the five agencies that had answered his requests after 20 days but before he sued. 920 F.2d at 71. Since *Oglesby* set out new requirements, however, the D.C. Circuit directed the district court "to grant petitioner to the right . . . to pursue administrative appeals from the initial agency denials." *Id.* Further, it clarified that "[o]nce the head of the agency has made a determination on appeal *or the twenty-day statutory deadline for the appeal decision has passed*, he may bring suit in federal district court." *Id.* (emphasis added). The D.C. Circuit stated further that "if the agencies do not respond with twenty days of the appeal, the appellant will be deemed to have fully exhausted his administrative remedies and may bring suit." *Id. See also id.* n.8 ("The statutory twenty days allowed for a decision on appeal hardly posits an unreasonable addition to the lifespan of a FOIA request.").

Certainly, *Oglesby* did not erase an agency's ability to claim more time to handle an appeal due to unusual circumstances. Here, however, EPA may have notified the Institute too late.[6] If so, then under *Oglesby* the Institute's suit would not be premature.

### D. The Need for Additional Explanation

We thus return to the critical question: when was EPA's "receipt of [the Institute's] appeal" under 5 U.S.C. § 552(a)(6)(A)(ii)? EPA does not explain the communication technology at work here, whereby a message emailed to a public address on a Thursday was somehow not delivered until the following Monday. Miller Decl. ¶ 22 ("On January 12, 2015, my office received a copy of an administrative appeal filed by Plaintiff dated January 8, 2015.").

---

[6] The Institute alleges that it was owed a response by February 6, 2015. Compl. ¶ 31. EPA argues—presumably, because it does not specify a date—that its response was due February 10, 2015. *See* Mot. at 6-7 (arguing that the 20-day deadline should be calculated, excluding weekends and public holidays, from the date of receipt, which EPA maintains is January 12, 2015). This count excludes eight weekend days and Martin Luther King Day, celebrated on Monday, January 19, 2015.

Since there are possible explanations (outside contractors, technical limitations, etc.) for this seeming discrepancy but none is provided, the Court cannot determine on this record when the Institute's email was actually received by EPA. The threshold question of timeliness is therefore impossible to answer.

## IV.  CONCLUSION

The Court will deny without prejudice EPA's motion for summary judgment and order EPA to provide a technical and complete explanation of the technology used to process the Institute's appeal, including an explanation of how a January 8, 2015 email was not received until January 12, 2015. This explanation shall be filed by March 25, 2016. The Institute may file a response by April 8, 2016.

A memorializing Order accompanies this Opinion.


Date: March 4, 2016

/s/
ROSEMARY M. COLLYER
United States District Judge